1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK INGRAM,

11            Plaintiff,                    No. CIV S-12-0927 MCE CKD PS

12       vs.

13   UNITED STATES OF AMERICA, et al.,

14            Defendants.              ORDER

15   _____/

16            This action was removed from state court on April 10, 2012 by defendant United

17   States of America.  Review of the state court pleadings indicates plaintiff was granted a waiver of

18   court fees.  Good cause appearing, plaintiff will be allowed to proceed in forma pauperis in this

19   forum.  See 28 U.S.C. § 1915(a).

20            In the state court action, plaintiff's original complaint was filed March 16, 2012.

21   An amended complaint was filed March 28, 2012 and is the operative pleading in this removed

22   action.  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

23   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

24   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain

7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

8  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

11  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

13  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

14  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

15  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

16  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

17  Rhodes, 416 U.S. 232, 236 (1974).

18    The court finds the allegations in plaintiff's amended complaint so vague and

19  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

20  claim for relief.  The court has determined that the complaint does not contain a short and plain

21  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

22  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

23  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24  must allege with at least some degree of particularity overt acts which defendants engaged in that

25  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

26  /////

1   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2   file a second amended complaint.

3          If plaintiff chooses to amend the complaint, plaintiff must set forth the

4   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

6   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7          The Civil Rights Act under which this action was filed provides as follows:

8              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
9              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
10             law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

15  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

16  omits to perform an act which he is legally required to do that causes the deprivation of which

17  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18         Moreover, supervisory personnel are generally not liable under § 1983 for the

19  actions of their employees under a theory of respondeat superior and, therefore, when a named

20  defendant holds a supervisorial position, the causal link between him and the claimed

21  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

22  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

23  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

24  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

25  Cir. 1982).

26  /////

1    Plaintiff is cautioned that his pleadings, including any amended complaint which

2    plaintiff files in federal court, are subject to Federal Rule of Civil Procedure 11.  That Rule

3    provides in pertinent part:

4    By presenting to the court a pleading, written motion, or
     other paper--whether by signing, filing, submitting, or later
5    advocating it--an attorney or unrepresented party certifies that to
     the best of the person's knowledge, information, and belief, formed
6    after an inquiry reasonable under the circumstances:
     (1) it is not being presented for any improper purpose, such as to
7    harass, cause unnecessary delay, or needlessly increase the cost of
     litigation;
8    (2) the claims, defenses, and other legal contentions are warranted
     by existing law or by a nonfrivolous argument for extending,
9    modifying, or reversing existing law or for establishing new law;
     (3) the factual contentions have evidentiary support or, if
10   specifically so identified, will likely have evidentiary support after a
     reasonable opportunity for further investigation or discovery; and
11   (4) the denials of factual contentions are warranted on the evidence
     or, if specifically so identified, are reasonably based on belief or a
12   lack of information.

13   Fed. R. Civ. P. (b).  The Rule further provides for sanctions against a party violating the Rule.

14   Plaintiff's amended complaint raises serious questions about whether a second amended

15   complaint similar to the complaints plaintiff filed in state court will violate Rule 11.  For instance,

16   in the amended complaint, plaintiff seeks damages in the amount of over eleven quintillion dollars

17   ($11,850,000,000,000,000,000.00), an amount which exceeds the current national debt of the

18   United States of America by almost a million-fold.[1]  In addition, plaintiff names as a defendant the

19   United States of America, but the amended complaint appears to contain allegations against

20   employees of the Sacramento Sheriff's Department, Sacramento Police Department, California

21   Highway Patrol, and other individuals who are not employees of the United States of America.

22   Plaintiff is informed that the court cannot refer to a prior pleading in order to make

23   plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

24   be complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25

26   [1] As of April 9, 2012, the current United States national debt is $15,621,445,734.132.83.
     See http://www.treasurydirect.gov/NP/BPDLogin?application=np.

4

amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

            In accordance with the above, IT IS HEREBY ORDERED that:

            1.  Plaintiff is granted permission to proceed in forma pauperis;

            2.  Plaintiff's amended complaint is dismissed; and

            3.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

            4.  Plaintiff is cautioned that his pleadings, including any amended complaint which plaintiff files in federal court, are subject to Federal Rule of Civil Procedure 11.

            5.  Defendants need not file responsive pleadings to plaintiff's second amended complaint pending review by the court of the second amended complaint and further order of the court.

 Dated: April 11, 2012

                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

4
ingram-usa.ifp-lta